IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VICTOR CORNELL MILLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 08-CV-231-TCK-PJC |
| ) | |
| STANLEY GLANZ, Tulsa County Sheriff, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

On April 23, 2008, Petitioner, appearing *pro se*, filed a 28 U.S.C. § 2241 pre-trial petition for a writ of habeas corpus (Dkt. # 1). In response to the petition, Respondent filed a motion to substitute party (Dkt. # 6) and a motion to dismiss (Dkt. # 7). Petitioner filed a response (Dkt. # 9) to the motion to dismiss, along with a motion to substitute party (Dkt. # 8). Petitioner also filed a supplement (Dkt. # 10) to his response, a motion to stay (Dkt. # 11), and a motion to withdraw the motion to stay (Dkt. # 12). For the reasons discussed below, the Court finds Respondent's motion to dismiss should be granted. The petition for writ of habeas corpus shall be dismissed.

As a preliminary matter, the Court will address the motions to substitute party and Petitioner's motion to stay. The proper respondent in this action is the person having custody of Petitioner. See Dunn v. U.S. Parole Comm'n, 818 F.2d 742, 744 (10th Cir. 1987). Respondent requests that Stanley Glanz, Sheriff of Tulsa County, be substituted as party respondent. Petitioner requests that the State of Oklahoma be substituted as party respondent. The Court finds that the person having custody of petitioner during his incarceration at the Tulsa County Jail is Stanley Glanz, Sheriff of Tulsa County. Therefore, the motion to substitute party filed by Respondent shall be granted. The motion to substitute party filed by Petitioner shall be denied. Stanley Glanz, Sheriff

of Tulsa County, shall be substituted as party respondent. The Court also finds that Petitioner's motion to withdraw the motion to stay should be granted. The motion to stay shall be withdrawn.

## *BACKGROUND*

Petitioner was tried by a jury on two (2) counts of First Degree Murder in Tulsa County District Court, Case No. CF-99-4583. On April 16, 2002, he was found guilty on both counts. On June 17, 2002, the trial court sentenced Petitioner in accordance with the jury's recommendation to life without parole on Count 1 and to death on Count 2. Prior to being tried and sentenced in state court, Petitioner was convicted in this federal district court, Case No. 99-CR-125-HDC, of numerous felonies, and sentenced to life to be followed by a consecutive term of 1,584 months.[1] Following his sentencing in state court, Petitioner was returned to the custody of the Federal Bureau of Prisons ("BOP"). Due to the state court convictions, a detainer, dated October 30, 2002, was lodged at the BOP.

Petitioner appealed his state convictions and sentences to the Oklahoma Court of Criminal Appeals ("OCCA"). On September 17, 2004, Petitioner's state convictions were reversed and remanded for a new trial. On November 24, 2004, BOP removed the detainer based on the state court convictions at the request of the Tulsa County Sheriff's Office. See Dkt. # 10, attach. to Ex. A-13. On November 30, 2004, Petitioner returned to the Tulsa County Jail pursuant to a writ of habeas corpus *ad prosequendum* signed November 19, 2004, by Tulsa County District Court Judge Caroline Wall, see Dkt. # 10, attach. to Ex. A-10. On March 20, 2006, after Petitioner waived his

---

[1] The record for N.D. Okla. Case No. 99-CR-125-HDC reflects that Judgment was entered June 27, 2000. By Order filed July 26, 2001, the Tenth Circuit affirmed this Court's judgment. In addition, the United States Supreme Court denied Petitioner's petition for writ of *certiorari* on October 1, 2001. Thus, Petitioner's federal convictions are final.

right to a speedy trial, a jury trial was set for February 5, 2007, and the state district court directed that Petitioner be returned to the custody of the BOP. See Dkt. # 10, attach. to Ex. A-10. Pursuant to a writ of habeas corpus *ad prosequendum*, signed January 11, 2007, Petitioner was again transferred to the custody of the Tulsa County Sheriff, where he remains incarcerated awaiting retrial on the two first degree murder charges.

On March 1, 2007, Petitioner, through court-appointed counsel, filed a motion to dismiss in his state criminal case seeking dismissal of the charges against him as a result of a violation of the anti-shuttling provision of the Interstate Agreement on Detainers ("IAD").[2] See Dkt. # 10, Ex. A-10. After holding a hearing, the state district court denied the motion on May 24, 2007. See Dkt. # 10, attach. to Ex. A-13. On June 21, 2007, Petitioner, represented by the appellate division of the Public Defender's Office, filed a petition for writ of prohibition in the OCCA alleging that the anti-shuttling provision of the IAD had been violated. See Dkt. # 10, Ex. A-13. By Order dated September 26, 2007, in PR-2007-637, the OCCA denied Petitioner's application. See Dkt. # 7, Ex. 2.

On April 23, 2008, Petitioner, appearing *pro se*, filed the instant pretrial petition for writ of habeas corpus. He asserts one proposition of error, as follows:

Ground One:   Violation of the Interstate Agreement on Detainers Act.

(Dkt. # 1). Petitioner alleges that the detainer lodged against him based on state convictions became a detainer for untried charges on September 17, 2004, when the OCCA reversed and remanded his state convictions for a new trial. As a result, Petitioner asserts that the State of Oklahoma violated the anti-shuttling provision of the IAD when, on November 19, 2004, a writ of habeas corpus *ad*

---

[2]The record also contains a motion to dismiss based on violation of the IAD filed August 14, 2006, in Tulsa County District Court, Case No. CF-1999-4583, by Petitioner appearing *pro se*. See Dkt. # 10, Ex. A-14.

*prosequendum* issued, transferring temporary custody of Petitioner to Tulsa County, State of Oklahoma, before the detainer filed in 2002 was removed on November 24, 2004.

### *ANALYSIS*

As an initial matter, the Court notes that although 28 U.S.C. § 2241 does not expressly provide that a petitioner must exhaust available state remedies before seeking relief in federal court, principles of comity and federalism nonetheless require a petitioner to afford the state courts an opportunity to correct any constitutional violations. See Capps v. Sullivan, 13 F.3d 350, 353-54 n.2 (10th Cir. 1993). The Court finds Petitioner has presented his claim to the Oklahoma Court of Criminal Appeals and has, therefore, satisfied the exhaustion requirement.

In denying Petitioner's application for a writ of prohibition, the OCCA held that:

> The provisions of the Interstate Agreement on Detainers set forth at Section 1347 of Title 22 have not been triggered in this case. The detainer in place before Petitioner's conviction was reversed and remanded for a new trial by this Court was pursuant to a State conviction. It was not based on untried charges and, therefore, subject to the Interstate Agreement on Detainers. This detainer was removed when Petitioner's State conviction was reversed and remanded for a new trial. Petitioner was subsequently returned to the State's custody for retrial pursuant to a writ of habeas corpus *ad prosequendum*. The writ of habeas corpus *ad prosequendum* is not a detainer for purposes of the Interstate Agreement on Detainers. *United States v. Mauro*, 436 U.S. 340, 361, 98 S.Ct. 1834, 56 L.Ed.2d 329 (1978).

(Dkt. # 7, Ex. 2 at 4). The Tenth Circuit Court of Appeals has explained the relevant provisions of the IAD as follows:

> The IAD creates among its contracting parties uniform procedures for lodging and executing a detainer, "a legal order that requires a State in which an individual is currently imprisoned to hold that individual ... so that he may be tried by a different State for a different crime." Alabama v. Bozeman, 533 U.S. 146, 148, 121 S.Ct. 2079, 150 L.Ed.2d 188 (2001). For purposes of the IAD, the state in which a prisoner is initially serving a sentence is classified as the "sending state," and the state that subsequently indicts the prisoner and obtains custody is the "receiving state." IAD, Art. II(b)-(c). The Agreement "provides for expeditious delivery of the prisoner to the receiving State for trial prior to the termination of his sentence in the

4

> sending State" and "seeks to minimize the consequent interruption of the prisoner's ongoing prison term." Bozeman, 533 U.S. at 148, 121 S.Ct. 2079. The Agreement is based on the premise that prison treatment and rehabilitation programs are negatively impacted when a prisoner is indicted and transferred to a new jurisdiction and then returned to the original place of imprisonment before trial is had on the new charges. See IAD, Art. I.

United States v. Pursley, 474 F.3d 757, 761-62 (10th Cir. 2007) (parentheticals and footnote omitted). Both the United States and Oklahoma are party "States" to the IAD. See IAD § 2, 18 U.S.C.A. App.; Okla. Stat. tit. 22, § 1347. The IAD authorizes transfer of a prisoner from a sending state to a receiving state upon presentation of a written request for temporary custody. See IAD at Art. IV(a). In addition, the IAD protects the prisoner from excessive transfers through the so-called "anti-shuttling" provision. See IAD at Art. IV(e). Under the anti-shuttling provision,

> If trial is not had on any indictment ... contemplated hereby prior to the prisoner's being returned to the original place of imprisonment to article V(e) hereof, such indictment ... shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

Id. According to the Tenth Circuit,

> by its express terms, the IAD is violated under two conditions-when a prisoner, who is serving a sentence in the sending state and indicted by the receiving state, is (1) transferred to the receiving state based on its lodging a detainer against him and requesting custody, id. at Art. IV(a), and then (2) returned to the "original place of imprisonment" before standing trial on the untried indictment, id. at Art IV(e).

Pursley, 474 F.3d at 762. The provisions of the IAD are not triggered until a detainer is filed with the custodial state by another state having *untried* charges pending against the prisoner. United States v. Mauro, 436 U.S. 340, 343-44 (1978); Browning v. Foltz, 837 F.2d 276, 283 (6th Cir. 1988).

In this case, the only detainer lodged against Petitioner by the State of Oklahoma was not subject to the IAD because it was not based on untried charges. At the time the detainer was lodged, Petitioner had been convicted and sentenced on the state charges. No detainer based on untried

charges has been lodged against Petitioner. Following the reversal of Petitioner's state convictions by the OCCA, Oklahoma obtained custody of Petitioner through a writ of habeas corpus *ad prosequendum*. As a result, none of the provisions of the IAD, including the anti-shuttling provision, has been violated. Mauro, 436 U.S. at 361. Respondent's motion to dismiss should be granted and the 28 U.S.C. § 2241 pretrial petition for writ of habeas corpus shall be dismissed.

## *CONCLUSION*

Petitioner has not demonstrated that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus should be dismissed.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Petitioner's motion to withdraw motion to stay (Dkt. # 12) is **granted**. The motion to stay (Dkt. # 11) is **withdrawn**.

2. Respondent's motion to substitute party (Dkt. # 6) is **granted**. Stanley Glanz, Tulsa County Sheriff, is substituted as party respondent. The Clerk shall modify the docket accordingly.

3. Petitioner's motion to substitute party (Dkt. # 8) is **denied**.

4. Respondent's motion to dismiss (Dkt. # 7) is **granted**.

5. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed**.

6. This is a final Order terminating this action. A separate judgment shall be entered in favor of Respondent.

DATED this 12th day of November, 2008.

TERENCE KERN
UNITED STATES DISTRICT JUDGE